(No. 4855-■■■■■■■■■■

VIRGINIA SHULL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 16, 1960.*

LACHLAN CRISSEY, Attorney for Claimant.

WILLIAM L. GUILD, Attorney General; WILLIAM H. SOUTH, Assistant Attorney General, for Respondent.

■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■

FEARER, J.

Claimant, Virginia Shull, has filed a complaint asking $5,000.00 for personal injuries, which she sustained on January 24, 1957.

This Court had occasion to render an opinion in the consolidated cases of Clare D. Shull and Carter Shull, A Partnership, d/b/a Shull Brothers, and Noi Coleman and Earl Coleman vs. State of Illinois, Nos. 4776 and 4781, in which awards were entered in favor of claimants as follows: Earl Coleman and Noi Coleman, claimants in case No. 4781, the sum of $2,000.00 for personal injuries; Hardware Mutual Insurance Company, the insurance carrier for claimants in case No. 4776, Clare D. Shull and Carter Shull, A Partnership, d/b/a Shull Bros., the sum of $2,419.62; and Clare D. Shull and Carter Shull, A Partnership, d/b/a Shull Bros., claimants in case No. 4776, the amount of $50.00.

Virginia Shull was the operator of the automobile, and brings this claim as an outgrowth of the same accident.

This Court previously passed upon the question of liability. This matter is now submitted on a joint motion for submission of the case on the findings of the Court in consolidated cases Nos. 4776 and 4781, in which is incorporated an agreed statement of personal injuries of claimant, and motion for waiver of abstract and briefs. It reads as follows:

"Comes now claimant, Virginia Shull, by Lachlan Crissey, her attorney, and respondent, State of Illinois, by Grenville Beardsley, Attorney General of the State of Illinois, attorney for respondent, and moves this Honorable Court to accept and consider this cause upon the findings of occurrence facts by the Court as embodied in the opinion of the Court of Claims in the consolidated cases of *Clare D. Shull and Carter Shull, A Partnership, d/b/a Shull Brothers,* and *Noi Coleman and Earl Coleman* vs. *State of Illinois.* Nos. 4776 and 4781, filed October 22, 1958, and upon the medical certificate of injuries of claimant herein, and further moves the Court to waive filing of abstract and briefs by claimant and respondent, and as grounds for said motion state as follows:

1. That the liability of respondent and due care of claimant have been established by the findings and opinion of this Court in the above mentioned consolidated cases; that the opinion of the Court in such cases is final, and that there are no disputed questions of law or fact in this case to warrant the taking of evidence on the liability of respondent or due care of claimant. A copy of the opinion of the Court in Court of Claims cases Nos. 4776 and 4781 is attached hereto, marked exhibit A, and incorporated herein by reference.

2. That the compensable injuries of claimant in this case are small, have been established by competent medical examination, and are presented by a medical statement made by A. D. Markel, M.D., of 623 Pine Blvd., Poplar Bluffs, Missouri, dated February 5, 1960, which said injuries are not disputed by respondent. A certified copy of medical findings by Dr. Markel are attached hereto, marked exhibit B, and incorporated herein by reference.

3. That there are no disputed questions of law or fact on the extent or nature of compensable injuries sustained by claimant, the only question for determination being the amount of damages, which must be determined by the Court, and that the submission of an abstract and briefs will serve no useful purpose.

Wherefore, it is prayed that the Court will accept and consider the claim of claimant, Virginia Shull, and fix the damages incurred as a result of the collision between claimant's automobile and an Illinois National Guard vehicle as established by the finding of fact previously made by this Court in consolidated cases Nos. 4776 and 4781.''

The only question remaining to be passed upon is the amount of the award based upon the medical reports, which were submitted with the complaint and record of proceedings. It appears from the medical report of Dr. Edwin F. Baker of Lewistown, Illinois, and Dr. A. D. Markel of the Kneibert Clinic, Popular Bluff, Missouri, that the principal injury of which claimant is complaining is that to her left thumb, along with cuts, abrasions and contusions. However, the medical reports are confined to her left thumb and knee.

Dr. Baker's subjective findings were that she does not have any pain in her left thumb, but does not use the thumb to hold any valuable or breakable article, or

anything dangerous, such as a hot dish, because of the weakness in the thumb. Without warning, the thumb may become weak, and the article will drop.

The objective findings were that the metacarpal phalangeal joint is enlarged, and there is limitation of flexion to 70 degrees. There is no limitation in adduction or abduction, and finger approximation is normal. There is moderate atrophy of the intrinsic muscles of the thumb. Subjectively, the left knee does not present any complaints, and objectively it is normal. It was the opinion of Dr. Baker that Mrs. Shull has a 50% disability in her left thumb.

A more recent medical for Mrs. Shull was done by Dr. A. D. Markel. His report, dated February 5, 1960, is as follows:

"I examined Mrs. Virginia Shull on February 4, 1960 in regards to an accident, which she states she had had on January 24, 1957. The patient says she does not have very much pain in her left thumb, but this is the thing that bothers her mostly, and she cannot use the thumb to hold anything of any weight. She seems to be unable to put a pressure down on any object that she is trying to hold. She states that, after she holds an object for some time, the thumb becomes weak, and the object easily drops from her hand.

"Upon examination the metacarpal phalangeal joint is enlarged, and there seems to be some degree of inability to move the finger in a flexion position to more than 70 degrees. There is no abduction limitation or adduction limitation. The finger approximation is within normal limits. There does seem to be a small amount of atrophy of the intrinsic muscles of the thumb with some degree of tremor and weakness of the thumb upon examination. Her left knee was hurt at the time of the

accident, but she states that there was no residual effect of the knee, and, therefore, no x-ray was made.

"We x-rayed the thumb at the time of this examination, and it does show some degree of arthritis with roughening of the joint edges, which probably is the cause of the muscular weakness and the joint weakness of the metacarpal phalangeal joint. This also accounts for the enlargement and the limitation of flexion. We feel that the arthritis of this joint is traumatic in origin, since she states that she had had no trouble with this before the accident. The left thumb continues to have a 50% disability, and I imagine that there will be a certain percentage of permanency of the disability in the thumb of the left hand."

Whether or not claimant has lost any earnings does not appear in the record or joint motion. Therefore, we are confined solely to the question of the extent of the permanent injury to her left thumb. There is also an absence of findings in the medical reports as to whether or not the condition of the left thumb might improve with therapeutic treatments.

Based upon the medical findings submitted, the nature and extent of the injuries of claimant, an award is hereby made in the sum of $1,000.00.